Kevin Bruce JOHNSON, Plaintiff—Appellant,

v.

MARTINEZ, Sergeant, CMF; et al., Defendants—Appellees.

No. 04–16456.

D.C. No. CV–00–01416–MCE.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Kevin Bruce Johnson, Soledad, CA, pro se.

David A. Carrasco, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM**

California state prisoner Kevin Bruce Johnson appeals pro se the district court's order on remand granting summary judgment for prison officials in Johnson's 42 U.S.C. § 1983 action alleging that prison officials failed to provide him with safe showering facilities. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly determined on remand that defendants were entitled to qualified immunity, because Johnson failed to raise a genuine issue of material fact as to whether the prison officials acted with deliberate indifference to his safety needs when the record showed that they made good faith efforts to investigate Johnson's concerns about the slippery shower floor, and took reasonable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

steps to ensure his safety. *See Farmer v. Brennan,* 511 U.S. 825, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("A prison official's duty under the Eighth Amendment is to ensure reasonable safety.") (internal quotation omitted); *see also Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights).

The district court did not abuse its discretion in granting defendants' motion to stay discovery pending the outcome of its summary judgment motion, because Johnson did not demonstrate how his failure to obtain the discovery he sought resulted in "actual and substantial prejudice." *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002).

**AFFIRMED.**